WHITCOMB ENVELOPE CO. v. LOGAN, SWIFT & BRIGHAM ENVELOPE CO. et al.

(Circuit Court, D. Massachusetts. July 17, 1894.)

No. 2,738.

1. PATENTS—INFRINGEMENT—ENVELOPE MACHINES.
    In a patent for improvements in the drying apparatus of an envelope machine, a claim for a revolving drum having fingers projecting from its rim, with intervals between them slightly greater than the thickness of the envelope, so that it may be retained by pressure between the fingers, is not infringed by a drum in which, instead of fingers, there is a plate with a rib extending across its face, against which the flap of the envelope catches, and the envelope is thus held in position.

2. SAME.
    The Swift reissue, No. 9,800, for an improvement in the drying apparatus of an envelope machine, limited, and *held* not infringed by a dryer retaining the envelope in position by means different in operation and result from the bulged finger described in the patent; but infringed by the so-called "basket dryer."

This was a suit in equity by the Whitcomb Envelope Company against the Logan, Swift & Brigham Envelope Company and others for infringement of a patent.

George O. G. Coale and Elmer P. Howe, for complainant.
Causten Browne and William W. Swan, for defendants.

COLT, Circuit Judge. The Swift reissued patent, No. 9,800, upon which the present suit is brought, is for an improvement in the drying apparatus of envelope machines. In place of a flexible belt with pockets, which is found in the old dryer, Swift substitutes a revolving drum with rigid fingers projecting from its rim, so arranged "that an envelope may be held in the space between two consecutive fingers, and no pressure be exerted on the recently gummed parts while the gum on the seal flap is drying." The fingers are provided with a bulge, and the interval between the adjacent fingers is slightly greater than the thickness of the envelope, and the envelope is held between the adjacent fingers by the pressure resulting from contact with the sides of the fingers. The specification also describes guard flanges surrounding the ends of

the drum, with lips projecting slightly over the ends of the fingers, which, "if desirable," may be used to retain the envelopes in the spaces between the fingers.

The two claims in controversy are as follows:

"(1) In an envelope machine, a revolving drum having fingers projecting from its rim, the interval between adjacent fingers being slightly greater than the thickness of the folded envelope to be held, whereby folded envelopes may be held between adjacent fingers by pressure resulting from contact of the sides of the envelopes with the fingers, substantially as shown and set forth.

"(2) The fingers, F, F¹, etc., rigidly fixed on the lateral surface of a drum, made of such form, and placed at such a distance from one another, that folded and gummed envelopes will be held between them by the elasticity of the paper, substantially as shown and described."

The first claim, as originally drawn, covered a revolving drum with projecting fingers rigidly fixed on its rim; but this claim was rejected on reference to the Waymoth patent, No. 58,327, for a belt dryer, on the ground that "an endless belt or chain and a drum are often substituted for each other as equivalent means." It is evident, therefore, that the Swift patent cannot be extended to embrace generally a revolving drum with rigid projecting fingers, but must be limited to the particular form of revolving drum and fingers found in the patent, or their equivalents.

In place of the bulged finger, the defendants use a plate with a rib extending across its face, attached to flanges at the sides of the drum. The contention of the defendants is that the Swift patent is for a device in which the envelope is held in position, in the narrow space between the fingers, against the force of gravity, by the friction caused by the elasticity of the paper, while in their apparatus the envelope is held against the action of gravity by the rib extending across the surface of the plate. To understand the defendants' position it must be borne in mind that in their machine the envelope is inserted with its flap end towards the axis of the drum, so that, when the drum is revolved, the end of the flap will be caught on the rib, while in the plaintiff's device the envelope is inserted with its flap in the opposite direction, or towards the ends of the fingers, and that consequently it must be held in position, during the rotation of the drum, by the friction created by the contact of its sides with the fingers. From a careful consideration of the Swift patent in connection with the whole evidence, and without giving undue weight to the correspondence between the applicant's attorney and the patent office, I think the word "held" in the Swift patent must be construed primarily to signify that the envelope is retained in position against the action of gravity as the drum revolves; and that, while it may also mean that the envelope is retained in position in relation to the inserting and withdrawing mechanism, this latter feature is merely incidental and subordinate to the main result contemplated by the Swift mechanism. The defendants' dryer does not infringe because the envelope is "held" by other means than those described in the Swift patent; in other words, the ribbed plate in defendants' dryer is different in mode of operation and result from the bulged finger

of the Swift patent. This conclusion applies to the dryer as now constructed by the defendants, but not to the so-called "basket dryer," one of which the defendants now use, and which, in my opinion, is clearly an infringement of the Swift patent. A decree may be drawn in conformity with this opinion.